07 CV 3319

Andrew S. Langsam (AL 7396)

Colleen E. Parker (CP 6845)

Attorneys for Plaintiffs Good Charma Inc. and Pam Fink

PRYOR CASHMAN LLP

410 Park Avenue

New York, New York 10022

(212) 421-4100



RECEIVED
APR 2 5 2007
U.S....ST..
CASHIERS

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Good Charma Inc. and Pam Fink, | ) ) ) | **COMPLAINT** |
| Plaintiffs, | ) ) | |
| v. | ) ) | **ECF Case** |
| Wal-Mart Stores, Inc. and Fantasia World, Inc. a/k/a Costume Jewelry World Inc., | ) ) ) | PLAINTIFFS DEMAND TRIAL BY JURY |
| Defendants. | ) | |

Plaintiff Good Charma Inc. ("Good Charma"), a Massachusetts corporation and Pam Fink ("Fink"), an individual (collectively, "Plaintiffs") by and through their attorneys, Pryor Cashman LLP, as and for their Complaint against Defendants Wal-Mart Stores, Inc. ("Wal-Mart"), and Fantasia World, Inc. a/k/a Costume Jewelry World Inc. ("Fantasia"), (collectively, "Defendants"), allege as follows:

512126

## JURISDICTION AND VENUE

1.      This is an action for copyright, trademark and trade dress infringement. This action arises under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq., § 43 of the Lanham Trademark Act of 1946, 15 U.S.C. § 1125 and New York common law.

2.      The Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b) and has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C § 1367.

3.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b) and (c) and 28 U.S.C. § 1400(a).

4.      This Court has personal jurisdiction over the Defendants because the Defendants, upon information and belief, (i) reside in this judicial district: (ii) solicit, transact, and conduct business in the State of New York and in this judicial district and are regularly doing or soliciting business or engaging in a persistent course of conduct in this State and in this District; (iii) receive substantial revenue from the State of New York and the infringing conduct occurred in the State of New York and within this judicial district; (iv) expect or reasonably should expect their conduct to have consequences in the State of New York; and (v) upon information and belief, directly or indirectly infringed Plaintiffs' copyright and trademarks in the State of New York.

## PARTIES

5.      Plaintiffs are the creators, designers and copyright owners of an original line of jewelry, namely unique bracelets, necklaces and other types of jewelry sold under the trademark GOOD CHARMA (collectively referred hereinafter as "GOOD CHARMA jewelry").  Other trademarks owned and used in connection with Plaintiffs' GOOD CHARMA jewelry include the

JOY BALI word mark, the distinctive JOY BALI and Design mark and a red ribbon tied into a bow and initially attached to Plaintiffs' jewelry products.

6.     Plaintiff Fink is an individual who resides in Massachusetts and is the creator and designer of GOOD CHARMA jewelry and the founder, officer and shareholder of Good Charma.

7.     Plaintiff Good Charma is a Massachusetts corporation with a principal place of business at 25 Railroad Street, Great Barrington, Massachusetts, 01230.  Good Charma is engaged in the business of, *inter alia*, creating, designing and selling GOOD CHARMA jewelry.

8.     Defendant Wal-Mart is, upon information and belief, a Delaware corporation having a principal place of business at 702 SW 8th Street, Bentonville, MS#0555, Tax Dept., Arkansas, 72716 and is engaged in the business of, *inter alia*, being a retailer providing merchandise and related services, including but not limited to, family apparel, automotive products, health and beauty aids, home furnishings, electronics, hardware, toys, sporting goods, lawn and garden items, pet supplies, jewelry and costume jewelry, and housewares.  Upon information and belief, Wal-Mart has sold products within this judicial district which infringe Plaintiffs' copyright, trademarks and trade dress in GOOD CHARMA jewelry.

9.     Defendant Fantasia is, upon information and belief, a New York corporation having a principal place of business at 22 West 32nd Street, 8th Floor, New York, New York 10001, and is engaged in the business of, *inter alia*, manufacturing and selling jewelry and costume jewelry.  Upon information and belief, Fantasia has sold products to retailers, including Wal-Mart, within and for resale within this judicial district which infringe Plaintiffs' copyright, trademarks and trade dress in GOOD CHARMA jewelry.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

10.     Beginning in 2003, Plaintiffs created original designs for a line of jewelry that Plaintiffs sold under the GOOD CHARMA trademark.

### GOOD CHARMA Bracelets

11.     Plaintiffs' original designed bracelets which they sell under the trademark GOOD CHARMA (hereinafter referred to as "GOOD CHARMA bracelets") are the bracelets at issue in this action. Specifically, Defendants infringed, and continue to infringe, by their sales of jewelry which appropriate the intellectual property of Good Charma, Plaintiffs' GOOD CHARMA jewelry, including Plaintiffs' GOOD CHARMA bracelets entitled "Peace," "Butterfly" and "Love."

12.     Plaintiffs Fink and/or Good Charma own Copyright Registrations for a line of the GOOD CHARMA bracelets. Here, Defendants have infringed Plaintiffs' U.S. Certificate of Copyright Registration No. VA 1-350-186 entitled "Peace," U.S. Certificate of Copyright Registration No. VA 1-350-210 entitled "Butterfly" and U.S. Certificate of Copyright Registration No. VA 1-350-188 entitled "Love." Annexed hereto as Exhibit "A" are true and correct copies of these Copyright Registrations.

13.     Annexed hereto as Exhibit "B" are copies of the deposit copies of the GOOD CHARMA bracelets entitled "Peace" (hereinafter referred to as "GOOD CHARMA Peace bracelet"), "Butterfly" (hereinafter referred to as "GOOD CHARMA Butterfly bracelet") and "Love" (hereinafter referred to as "GOOD CHARMA Love bracelet") and color photographs of the GOOD CHARMA works entitled: Peace, Butterfly and Love with the individual bracelets separated to show each strand of the GOOD CHARMA bracelets.

14.    Plaintiffs are the owners of all rights, title and interest in and to the copyright in the GOOD CHARMA Peace bracelet, GOOD CHARMA Butterfly bracelet and GOOD CHARMA Love bracelet and in and to the copyrights to the works protected by the Copyright Registrations set forth in Exhibit "A" as correspondingly depicted by the works in Exhibit "B."

15.    Plaintiffs have trademark rights in both the JOY BALI word mark and the JOY BALI and Design mark since they have used, starting no later than March 1, 2003, the marks on their GOOD CHARMA bracelets in connection with the sale of the same in U.S. commerce. Plaintiffs have applied for U.S. Trademark Registration in Good Charma's JOY BALI word mark (U.S. Trademark application for registration, Serial No. 77/090152) and the JOY BALI and Design mark (U.S. Trademark application for registration, Serial No. 76/660704) (collectively referred to as the "JOY BALI marks"). Annexed hereto as Exhibit "C" are true and correct copies of the records of the U.S. Trademark Office showing the pending U.S. Trademark applications seeking registration for the JOY BALI marks.

16.    Plaintiffs have trade dress rights for the GOOD CHARMA bracelets. The trade dress is distinctive and serves to identify and distinguish Plaintiffs' goods from those sold by others. The trade dress is described, for purposes of Notice Pleading, as follows: two or more bracelets comprised of small often metallic-like (primarily silver, gold vermeil or pearl) round beads strung on elastic with one or more distinctive elongated spacer elements (pipettes, half moons, and curved, yet end-tapered, parallelepipeds) each having two or more dangling, theme-related charms, for example Love, Lucky, Peace, Butterfly, Buddha, etc. Defendants' bracelets infringe upon Plaintiffs' distinctive trade dress rights as described.

17.    Plaintiffs have expended substantial sums of money, time and effort to design and promote the GOOD CHARMA bracelets and to establish their distinctive trade dress. The

GOOD CHARMA bracelets have been promoted nationwide on several occasions on such television shows as NBC's *The Today Show*, and advertised in the *New York Times* by major retail stores, such as Bloomingdales.  The GOOD CHARMA bracelets have been worn by many celebrities, including Madonna and Beyonce.

**Defendants Infringe Plaintiffs' Copyright, Trademarks and
Trade Dress Rights in the GOOD CHARMA bracelets**

Copyright Infringement

18.     Defendants had access to Plaintiffs' copyrighted GOOD CHARMA bracelets.

19.     Upon information and belief, Fantasia obtained, duplicated, manufactured and copied, or assisted in the duplication, manufacture and copying of the GOOD CHARM Peace, Butterfly and Love bracelets or by making and selling infringing copies of the Peace, Butterfly and Love GOOD CHARMA bracelets.

20.     Upon information and belief, Fantasia sold to and supplied Wal-Mart with infringing Peace, Butterfly and Love bracelets.

21.     Upon information and belief, Wal-Mart marketed, advertised, offered for sale and sold infringing Peace, Butterfly and Love bracelets to consumers in New York and throughout the United States.  (Annexed hereto as Exhibit "D" are photographs of Wal-Mart's accused infringing bracelets).  Wal-Mart's accused infringing bracelets are identified by UPC numbers which are located on the back of the tag attached to each of Wal-Mart's bracelets.  Each photograph in Exhibit "D" has been labeled with the corresponding UPC number at the bottom of the page.  The UPC numbers are as follows: 805470209157, 805470209171, 805470209256, 805470209249, 805470209133, 805470209119, 805470209164, 805470209201, 805470209140, and 805470209232.

22.    Upon information and belief, Fantasia sold to and supplied others with infringing Butterfly and Love bracelets.   (Annexed hereto as Exhibit "E" are photographs of accused infringing bracelets that were purchased directly from Fantasia).

23.    Defendants unlawfully profited from infringement of Plaintiffs' exclusive copyrights by Defendants unauthorized distribution, use, commercialization, sale, and other exploitation of copies of the Peace, Butterfly and Love bracelets, and derivatives thereof and deprived Plaintiffs of substantial income directly and/or indirectly related to the copyrighted Peace, Butterfly and Love GOOD CHARMA bracelets.

Trademark Infringement

24.    Plaintiffs conceived, adopted and extensively used the arbitrary marks of JOY BALI and the JOY BALI and Design mark.  Plaintiffs adopted and used these JOY BALI marks on their GOOD CHARMA bracelets.   For example, the JOY BALI marks were used on Plaintiffs' Peace GOOD CHARMA bracelet in connection with their marketing, advertising and sale of the same in U.S. commerce.

25.    Plaintiffs have spent considerable effort and money in designing, advertising and promoting its GOOD CHARMA bracelets, throughout the United States, all with the JOY BALI marks on the bracelets.  Goods bearing the JOY BALI marks were continuously sold in interstate commerce since the introduction of the GOOD CHARMA jewelry in 2003.  As a result of Plaintiffs' concerted efforts, retailers and the consuming public have come to associate the JOY BALI marks with jewelry designed, made, originated with and sold by Plaintiffs.

26.    Defendants adopted and used Plaintiffs' trademarks in connection with their marketing and sale of jewelry.  Defendants' unauthorized use of the JOY BALI marks through the sale of the infringing copies of the Peace bracelets constitutes infringement of Plaintiffs'

trademark rights in the JOY BALI marks.  Specifically, Defendants' infringing Peace bracelets which use the JOY BALI marks are labeled with UPC numbers 805470209201 and 805470209140.

27.    Defendants' continued unauthorized use of the JOY BALI marks in connection with the sale of the infringing Peace bracelets is likely to cause confusion and mistake in the minds of the retailers and the purchasing public, and in particular tends to and does create the false impression that the bracelets sold by Defendants are designed, made, marketed, sold, approved by or otherwise associated with Plaintiffs, or are of the same quality assured by Plaintiffs by their offering jewelry under the JOY BALI marks.  In particular, Defendants' unauthorized actions are likely to injure the reputation of Plaintiffs and devalue the goodwill associated with the JOY BALI marks since, *inter alia*, Plaintiffs have been deprived of the right to control the nature, design and quality of the bracelets sold by Defendants.

28.    Upon information and belief, the activities of Defendants complained of herein are deliberate and were commenced and continued, even after notice was provided to Defendants, with the intent to injure Plaintiffs and to trade on and benefit from the goodwill established by Plaintiffs in the JOY BALI marks.

Trade Dress

29.    In addition to the JOY BALI marks, the inherently distinctive trade dress of the GOOD CHARMA bracelets ("Good Charma Trade Dress" as set forth in paragraph 16 herein) acts as a source identifier, signaling to consumers that the bracelets originate from Plaintiffs.

30.    Upon information and belief, Defendants adopted Plaintiffs' Good Charma Trade Dress for its infringing Peace, Butterfly and Love bracelets and for bracelets, which while not accused as infringing the Plaintiffs' copyright, are nevertheless, likely to cause confusion with

Plaintiffs' products sold with the Good Charma Trade Dress. Specifically, the bracelets sold at Wal-Mart which infringe Good Charma's Trade Dress are identified by UPC numbers 884056429133, 884056429119 and 884056429164. Additionally, three of the bracelets purchased directly from Fantasia also infringe Plaintiffs' Good Charma Trade Dress. Annexed hereto as Exhibit "F" are photographs of Defendants' bracelets which infringe upon Plaintiffs' Good Charma Trade Dress.

31.     Plaintiffs have the exclusive right to use the inherently distinctive Good Charma Trade Dress in connection with jewelry, by virtue of its above-described continuous use of the same in U.S. commerce on and in connection with GOOD CHARMA jewelry.

32.     Defendants use of Plaintiffs' Good Charma Trade Dress on and in connection with Defendants infringing bracelets is likely to result in consumer confusion as to the source or origin of Defendants' jewelry products, since it is likely to mislead the public into falsely believing that Plaintiffs manufactured, distributed, marketed, offered for sale and/or sold or sells Defendants' products, or that Plaintiffs sponsor, approve, license, or are associated or affiliated with Defendants and Defendants' products.

33.     Defendants' use of the trade dress on Defendants' products tarnishes Plaintiffs' goodwill and reputation as a source of unique and creative jewelry designs and jewelry of consistently high quality. The public is likely to be confused by Defendants' acts in adopting and using Plaintiffs' distinctive trade dress, which serves as an indication of the source or origin of Plaintiffs' jewelry products, but for Defendants' infringing conduct.

## CAUSES OF ACTION

### COUNT I
### COPYRIGHT INFRINGEMENT
**(United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq.)**

34.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 33 as if fully set forth herein.

35.    Upon information and belief, Defendants infringed Plaintiffs' copyrights in the Peace, Butterfly and Love GOOD CHARMA bracelets by copying, reproducing, printing and/or purchasing, selling and offering for sale substantially similar and/or derivative works of Good Charma's Peace, Butterfly and Love bracelets, without Plaintiffs' authorization or consent.

36.    The foregoing acts of infringement by the Defendants have been willful, intentional and purposeful.

37.    As a direct and proximate result of Defendants' copyright infringement, Plaintiffs have suffered and will continue to suffer severe economic injuries and damages and are entitled to their actual damages and Defendants' gross revenue or profits derived by Defendants that are attributable to Defendants' infringement of GOOD CHARMA bracelets, pursuant to 17 U.S.C. § 504(b).

38.    Plaintiffs actual damages and Defendants' gross revenue or profits will be established at trial.

### COUNT II
### TRADEMARK AND TRADE DRESS INFRINGEMENT
**(Section 43(a) of the Lanham (Trademark) Act of 1946)**

39.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 38 as if fully set forth herein.

40.     Since 2003, Plaintiffs have continuously used the inherently distinctive JOY BALI marks and Good Charma Trade Dress in interstate commerce to uniquely identify its goods and to distinguish such goods from those of others, by using the JOY BALI marks and Good Charma Trade Dress only in connection with GOOD CHARMA bracelets. Through such use, Plaintiffs have forged a strong association in the minds of consumers for itself, as a consequence of the use of the JOY BALI marks and the Good Charma Trade Dress, in connection with unique designs and high quality jewelry.

41.     Defendants' use of Plaintiffs' JOY BALI marks and the Good Charma Trade Dress in connection with the manufacture and exploitation of Defendants' bracelets willfully infringes Plaintiffs' JOY BALI marks and Good Charma's Trade Dress.

42.     Defendants' use of the JOY BALI marks and Good Charma Trade Dress, is without permission or authority of Plaintiffs.

43.     Defendants activities have and are likely to continue to result in consumer confusion, mistake or deception, and are likely to cause consumers and the public to mistakenly believe that Plaintiffs have manufactured, distributed, marketed, offered for sale or sold Defendants' bracelets, or that Plaintiffs have sponsored, authorized, licensed or are otherwise connected, associated or affiliated with Defendants or to Defendants' goods, to the detriment of Plaintiffs and its valuable goodwill.

44.     As a direct and proximate result of Defendants' willful conduct, Plaintiffs have been injured and will continue to suffer irreparable injury to its business and reputation unless Defendants are restrained by this Court from infringing the JOY BALI marks and the use of the Good Charma Trade Dress.

45.     Defendants' acts violate § 43(a) of the Lanham Act.

46.    Plaintiffs have no adequate remedy at law.

47.    In light of the foregoing, Plaintiffs are entitled to a preliminary and permanent injunction prohibiting Defendants from any and all use of the JOY BALI marks and the Good Charma Trade Dress, and all marks and trade dress confusingly similar thereto and to recover from Defendants all damages that Plaintiffs have sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, but which are entitled to be trebled due to Defendants' willful infringement, plus the costs of this action, including attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

**COUNT III**
**UNFAIR COMPETITION**
**(Common Law)**

48.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 47 as if fully set forth herein.

49.    Plaintiffs have spent substantial time, effort and money designing, acquiring, making, marketing, selling and promoting its high quality jewelry, specifically the GOOD CHARMA bracelets.

50.    As more fully set forth above, the distinctive style, design and trade dress used in the GOOD CHARMA bracelets have come to have a secondary meaning indicative of origin, relationship, sponsorship and association with the Plaintiffs.

51.    Upon information and belief, Defendants have attempted to intentionally deceive customers and have led to the likelihood of consumer confusion, mistake and deception as to the source of its goods by Defendants' sale of items which use identical or substantially similar trade dress to Plaintiffs' GOOD CHARMA bracelets.

52.    Defendants' sale of unauthorized bracelets which infringe the Good Charma Trade Dress as embodied in Plaintiffs' bracelets will impair the value of all of Plaintiffs' products and place the future value and reputation of Plaintiffs' in the hands of Defendants such that Plaintiffs' enviable reputation will be dependant upon the uncontrolled and questionable activities, practices and quality of merchandise of Defendants.

53.    Defendants' sale of unauthorized bracelets impairs Plaintiffs' ability to obtain new customers by virtue of the dilution of Plaintiffs' reputation as the sole supplier of GOOD CHARMA bracelets bearing the Good Charma Trade Dress.

54.    By virtue of this passing off by Defendants of Plaintiffs' bracelets as its own, Defendants have engaged in unfair competition.

55.    As a direct and proximate result of Defendants' misappropriation and unfair competition, Plaintiffs have suffered actual and compensatory damages, and Defendants have been unjustly enriched for which damages and/or restitution and disgorgement is appropriate.

56.    Plaintiffs' exact amount of actual and compensatory damages and the amount of Defendants unjust enrichment will be established at trial.

**WHEREFORE,** Plaintiffs, Good Charma Inc. and Pam Fink, demand judgment as follows:

(a)    On the First Claim:

(i)    that Defendants be adjudged to have infringed Plaintiffs' copyrights in the GOOD CHARMA bracelets known as "Peace," "Butterfly," and "Love;"

(ii)    that Defendants, their officers, agents, servants, employees, customers, sales representatives, attorneys, and any and all persons in active concert or participation with

them, be permanently enjoined from infringing the copyrights in the Good Charma Peace, Butterfly and Love bracelets in any manner and from manufacturing, promoting, importing, selling, marketing or otherwise disposing of any bracelets which infringe, are copied from or are substantially similar to Plaintiffs' Peace, Butterfly and Love bracelets;

(iii)    that Defendants be required to pay to Plaintiffs, at Plaintiffs' election before the entry of final judgment, either (A) such damages that Plaintiffs have sustained in consequence of Defendants' infringement of said copyrights and Plaintiffs' rights therein, as well as all the gains, profits and advantages derived by Defendants from said acts and infringement, or (B) such statutory damages that the Court shall deem just and proper under the provisions of the Copyright Laws; and

(iv)    that Defendants be required to pay to Plaintiffs the costs of this action and reasonable attorneys' fees.

(b)    On the Second Claim:

(i)    that Defendants be adjudged to have infringed Plaintiffs' JOY BALI word and JOY BALI and Design trademarks and Good Charma's trade dress interests in the GOOD CHARMA bracelets;

(ii)    that Defendants, their officers, agents, servants, employees, customers, sales representatives, attorneys, and any and all persons in active concert or participation with them, be permanently enjoined from infringing Plaintiffs' JOY BALI marks and the Good Charma Trade Dress or any marks and trade dress confusingly similar thereto in any manner and from manufacturing, promoting, importing, selling, marketing or otherwise disposing of any bracelets or jewelry products which infringe Plaintiffs' JOY BALI marks and the Good Charma Trade Dress;

512126                                              14

(iii)    that Defendants be required to pay all damages that Plaintiffs have sustained and will sustain as a result of such infringing and unfair acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, but which should be trebled due to Defendants' willful infringement; and

(iv)    that Defendants be required to pay to Plaintiffs the costs of this action and reasonable attorneys' fees.

(c)    On the Third Claim:

(i)    that Defendants, its officers, agents servants, employees, customers, sales representatives, attorneys, and any and all persons in active concert or participation with them, be permanently enjoined from manufacturing, promoting, importing, selling, marketing or otherwise disposing of any unauthorized bracelets that bear the identical or substantially similar Good Charma Trade Dress or use of said Trade Dress which is likely to lead to consumer confusion as to the source of said bracelets;

(ii)    that Defendants pay to Plaintiffs such damages that Plaintiffs have sustained as a consequence of Defendants' engaging in unfair competition in an amount to be determined at the trial of this action or in the alternative Defendants be required to account to Plaintiffs for their ill-gotten profits and for gains; and

(iii)    that Plaintiffs have such other, further and different relief as the Court deems just and proper with the circumstances and facts.

Plaintiffs demand a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

512126

15

Dated: New York, New York
       April 25, 2007

By: _____
       Andrew S. Langsam (7396)
       Colleen E. Parker (6845)
       Pryor Cashman LLP
       410 Park Avenue
       New York, NY 10022

       *Attorneys for Plaintiffs*
       *Good Charma Inc. and Pam Fink*

512126                    16

Exhibit A

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Form VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE
**VA 1–350–186**
REGI

EFFECTIVE DATE OF REGISTRATION

JAN 9 2006
Month   Day   Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

## 1

Title of This Work ▼

Peace CH-57

NATURE OF THIS WORK ▼ See Instructions

jewelry design

Previous or Alternative Titles ▼

Publication as a Contribution If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give: Volume ▼    Number ▼    Issue Date ▼    On Pages ▼

## 2

**NAME OF AUTHOR ▼**

**a**  Pam Fink

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☒ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of  USA
Domiciled in  USA

Was This Author's Contribution to the Work
Anonymous?   ☐ Yes  ☒ No
Pseudonymous?   ☐ Yes  ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

Nature of Authorship Check appropriate box(es). See Instructions
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2-Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☒ Jewelry design    ☐ Architectural work

Name of Author ▼

**b**

Dates of Birth and Death
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of _____
Domiciled in _____

Was This Author's Contribution to the Work
Anonymous?   ☐ Yes  ☐ No
Pseudonymous?   ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

Nature of Authorship Check appropriate box(es). See Instructions
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2-Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☒ Jewelry design    ☐ Architectural work

## 3

**a** Year In Which Creation of This Work Was Completed  2003
This information must be given    Year in all cases.

**b** Date and Nation of First Publication of This Particular Work
Complete this information ONLY if this work has been published.
Month March    Day 1    Year 2003
USA    Nation

## 4

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼

Pam Fink
25 Railroad Street
Great Barrington, MA 01230

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED
JAN 0 9 2006
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
JAN 0 9 2006
FUNDS RECEIVED

DO NOT WRITE HERE
OFFICE USE ONLY

See instructions before completing this space.

---

MORE ON BACK ▶ • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.    • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of ___ pages

| EXAMINED BY mj OTHA | FORM VA |
|---|---|
| CHECKED BY | |
| ☐ CORRESPONDENCE Yes | FOR COPYRIGHT OFFICE USE ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes ☑ No If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: Previous Registration Number ▼          Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

a. Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

b. Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**6**

a
b

See instructions before completing this space.

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

Name ▼          Account Number ▼

**7**

a

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼

Edward P. Kelly
Tiajoloff & Kelly
405 Lexington Avenue  New York, New York 10174

Area code and daytime telephone number  ( 212 ) 490 3285          Fax number  ( 212 ) 490 3295

Email  epk@patentadvance.com

b

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

check only one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of  Pam Fink
          Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Edward P. Kelly          Date 12/05/2005

Handwritten signature (X) ▼
X ___Edward Kelly___

| Certificate will be mailed in window envelope to this address: | Name ▼ Edward P. Kelly | YOU MUST: • Complete all necessary spaces • Sign your application in space 8. | **9** |
|---|---|---|---|
| | Number/Street/Apt ▼ Tiajoloff & Kelly 405 Lexington Avenue | SEND ALL 3 ELEMENTS IN THE SAME PACKAGE: 1. Application form 2. Nonrefundable filing fee in check or money order payable to Register of Copyrights 3. Deposit material | |
| | City/State/ZIP ▼ New York new York 10174 | MAIL TO: Library of Congress Copyright Office 101 Independence Avenue, S.E. Washington, D.C. 20559-6000 | |

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America



**Form VA**
For a Work of the Visual Arts

**VA 1–350–210**

EFFECTIVE DATE OF REGISTRATION

JAN    9    2006

Month        Day        Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1**

Title of This Work ▼                                    **NATURE OF THIS WORK ▼** See Instructions

Butterfly Bracelet CH-311                               jewelry design

Previous or Alternative Titles ▼

Publication as a Contribution If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give: Volume ▼        Number ▼        Issue Date ▼        On Pages ▼

---

**2**

**NAME OF AUTHOR ▼**                                    **DATES OF BIRTH AND DEATH**
                                                        Year Born ▼        Year Died ▼

**a**  Good Charma Inc employer for hire of Pam Fink

Was this contribution to the work a "work made for hire"?     Author's Nationality or Domicile
Name of Country
☑ Yes                                    OR  Citizen of ___ USA
☐ No                                         Domiciled in ___ USA

Was This Author's Contribution to the Work
Anonymous?    ☐ Yes  ☑ No
Pseudonymous?  ☐ Yes  ☑ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

Nature of Authorship  Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture    ☐ Map            ☐ Technical drawing
☐ 2-Dimensional artwork      ☐ Photograph     ☐ Text
☐ Reproduction of work of art  ☑ Jewelry design  ☐ Architectural work

**b**  Name of Author ▼                                 Dates of Birth and Death
                                                        Year Born ▼        Year Died ▼

Was this contribution to the work a "work made for hire"?     Author's Nationality or Domicile
Name of Country
☐ Yes                                    OR  Citizen of ___
☐ No                                         Domiciled in ___

Was This Author's Contribution to the Work
Anonymous?    ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

Nature of Authorship  Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture    ☐ Map            ☐ Technical drawing
☐ 2-Dimensional artwork      ☐ Photograph     ☐ Text
☐ Reproduction of work of art  ☑ Jewelry design  ☐ Architectural work

---

**3**

**a**  Year in Which Creation of This Work Was Completed
2005
This information must be given Year in all cases.

**b**  Date and Nation of First Publication of This Particular Work
Complete this information Month  April    Day  1    Year  2005
ONLY if this work has been published.                              USA
                                                                   Nation

---

**4**

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼

Good Charma Inc.
25 Railroad Street
Great Barrington MA. 01230

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

See instructions before completing this space.

APPLICATION RECEIVED
JAN 0 9 2006
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
JAN 0 9 2006

FUNDS RECEIVED

DO NOT WRITE HERE
OFFICE USE ONLY

---

**MORE ON BACK ▶** • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions. • Sign the form at line 8.

DO NOT WRITE HERE

Page 1 of ___ pages

EXAMINED BY _____ JFA

CHECKED BY

☐ CORRESPONDENCE
Yes

FORM VA

FOR
COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes ☑ No If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: Previous Registration Number ▼          Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

a. Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

**6**

**a**

See instructions
before completing
this space.

b. Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**b**

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

Name ▼          Account Number ▼

**7**

**a**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼

Edward P. Kelly
Tiajoloff & Kelly
405 Lexington Avenue New York, New York 10174

**b**

Area code and daytime telephone number ( 212 ) 490 3285          Fax number ( 212 ) 490 3295

Email  epk@patentadvance.com

**CERTIFICATION\*** I, the undersigned, hereby certify that I am the

check only one ▶ ☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of Good Charma Inc

**8**

Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Edward P. Kelly          Date 12/05/2005

Handwritten signature (X) ▼

X _Edward Kelly_

**9**

Certificate
will be
mailed in
window
envelope
to this
address:

Name ▼
Edward P. Kelly

Number/Street/Apt ▼
Tiajoloff & Kelly 405 Lexington Avenue

City/State/ZIP ▼
New York new York 10174

YOU MUST:
• Complete all necessary spaces
• Sign your application in space 8

SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE:
1. Application form
2. Nonrefundable filing fee in check or money order payable to Register of Copyrights
3. Deposit material

MAIL TO:
Library of Congress
Copyright Office
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

Fees are subject to change. For current fees, check the Copyright Office website at www.copyright.gov, write the Copyright Office, or call (202) 707-3000.

17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Form VA**
For a Work of the Visual Arts

**VA 1–350–188**

EFFECTIVE DATE OF REGISTRATION

JAN 9 2006

Month    Day    Year

---

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**1**

Title of This Work ▼

Love CH-14

NATURE OF THIS WORK ▼ See instructions

jewelry design

Previous or Alternative Titles ▼

Publication as a Contribution If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give: Volume ▼    Number ▼    Issue Date ▼    On Pages ▼

---

**2**

**a**

NAME OF AUTHOR ▼

Pam Fink

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

Was this contribution to the work a "work made for hire"?
☐ Yes
☒ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of USA
Domiciled in USA

Was This Author's Contribution to the Work
Anonymous?  ☐ Yes  ☒ No
Pseudonymous?  ☐ Yes  ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

Nature of Authorship Check appropriate box(es). See Instructions
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2-Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☒ Jewelry design    ☐ Architectural work

**b**

Name of Author ▼

Dates of Birth and Death
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of
Domiciled in

Was This Author's Contribution to the Work
Anonymous?  ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

Nature of Authorship Check appropriate box(es). See instructions
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2-Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☒ Jewelry design    ☐ Architectural work

---

**3**

**a** Year in Which Creation of This Work Was Completed

2003

This information must be given in all cases.
Year in all cases.

**b** Date and Nation of First Publication of This Particular Work
Complete this information Month March    Day 1    Year 2003
ONLY if this work has been published.    USA
Nation

---

**4**

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2 ▼

*Pam Fink*

25 Railroad Street
Great Barrington, MA 01230

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

See instructions before completing this space.

APPLICATION RECEIVED
JAN 0 9 2006
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
JAN 0 9 2006
FUNDS RECEIVED

DO NOT WRITE HERE
OFFICE USE ONLY

---

MORE ON BACK ▶ • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.    ▶ Sign the form at line 8.

DO NOT WRITE HERE

Page 1 of ___ pages

| EXAMINED BY My JHA | FORM VA |
|---|---|
| CHECKED BY | |
| ☐ CORRESPONDENCE<br>Yes | FOR<br>COPYRIGHT<br>OFFICE<br>USE<br>ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes  ☑ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

**a.** ☐ This is the first published edition of a work previously registered in unpublished form.

**b.** ☐ This is the first application submitted by this author as copyright claimant.

**c.** ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: **Previous Registration Number** ▼        **Year of Registration** ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

**a. Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

**6**

a
See instructions
before completing
this space.

**b. Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

b

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

**Name** ▼                                    **Account Number** ▼

**7**

a

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼

Edward P. Kelly
Tiajoloff & Kelly
405 Lexington Avenue  New York, New York 10174

b

Area code and daytime telephone number   ( 212 )  490 3285          Fax number   ( 212 )  490 3295

Email   epk@patentadvance.com

**CERTIFICATION** I, the undersigned, hereby certify that I am the

check only one ▶  ☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of    *Pan Fink*

Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Edward P. Kelly                                              Date   12/05/2005

Handwritten signature (X) ▼

X _____ *Edward Kelly*

**9**

Certificate
will be
mailed in
window
envelope
to this
address:

**Name** ▼
Edward P. Kelly

**Number/Street/Apt** ▼
Tiajoloff & Kelly 405 Lexington Avenue

**City/State/ZIP** ▼
New York new York 10174

• **YOU MUST:**
• Complete all necessary spaces
• Sign your application in space 8

**SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE:**
1. Application form
2. Nonrefundable filing fee in check or money order payable to *Register of Copyrights*
3. Deposit material

**MAIL TO:**
Library of Congress
Copyright Office
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Exhibit B



CH57











Exhibit C



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System(Tess)

*TESS was last updated on Thu Mar 22 04:25:00 EDT 2007*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

**Logout** Please logout when you are done to release system resources allocated for you.

**Start** List At: [_____] OR **Jump** to record: [_____] **Record 1 out of 2**

| TARR Status | ASSIGN Status | TDR | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*

# JOY BALI

| | |
|---|---|
| **Word Mark** | **JOY BALI** |
| **Goods and Services** | IC 014. US 002 027 028 050. G & S: Jewelry. FIRST USE: 20030103. FIRST USE IN COMMERCE: 20030103 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Design Search Code** | |
| **Serial Number** | 77090152 |
| **Filing Date** | January 24, 2007 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Owner** | (APPLICANT) Good Charma, Inc. CORPORATION MASSACHUSETTS 25 Railroad Street Great Barrington MASSACHUSETTS 01230 |
| **Attorney of Record** | Andrew S. Langsam |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System(Tess)

*TESS was last updated on Thu Mar 22 04:25:00 EDT 2007*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout  Please logout when you are done to release system resources allocated for you.

Start  List At: [          ] OR  Jump  to record: [          ]   **Record 2 out of 2**

| TARR Status | ASSIGN Status | TDR | TTAB Status |   *( Use the "Back" button of the Internet Browser to return to TESS)*



| Word Mark | JOY BALI |
| Goods and Services | IC 003. US 001 004 006 050 051 052. G & S: Jewelry. FIRST USE: 20030301. FIRST USE IN COMMERCE: 20030301 |
| Mark Drawing Code | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| Design Search Code | 01.05.25 - Sun, other representations of the sun<br>17.03.25 - Brooches; Cuff-links; Earrings; Locket; Necktie clasps and fasteners; Pins, jewelry; Tie tacks<br>24.17.12 - Infinity symbols<br>27.03.05 - Objects forming letters or numerals |
| Serial Number | 76660704 |
| Filing Date | May 26, 2006 |
| Current Filing Basis | 1A |
| Original Filing Basis | 1A |
| Owner | (APPLICANT) Good Charma Inc. CORPORATION MASSACHUSETTS 25 Railroad Street Great Barrington MASSACHUSETTS 01230 |
| Attorney of Record | Andrew S. Langsam |
| Type of Mark | TRADEMARK |
| Register | PRINCIPAL |
| Live/Dead | |

**Indicator**    LIVE

TESS HOME  NEW USER  STRUCTURED  FREE FORM  BROWSE DICT  SEARCH OG  TOP  HELP  PREV LIST  CURR LIST
NEXT LIST  FIRST DOC  PREV DOC  NEXT DOC  LAST DOC

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

| | |
|---|---|
| Mark: | JOY BALI |
| Serial No. | 76/660,704 |
| Applicant: | Good Charma, Inc. |
| Docket No. | 2406.011 |
| Date of First Use: | March 1, 2003 |
| Date of First Use In Commerce: | March 1, 2003 |
| Goods: | Jewelry (Int. Class 003) |



Exhibit D



805470209157



805470209171



805470209256





805470209133



805470209119





805470209201





805470209232

Exhibit E















Exhibit F



805470209133



805470209119



805470209164





